J-S22044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROGER H. KNIERIM | : | |
| | : | |
| Appellant | : | No. 1794 MDA 2018 |

Appeal from the Judgment of Sentence Entered October 4, 2018
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000500-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROGER H. KNIERIM, JR. | : | |
| | : | |
| Appellant | : | No. 1795 MDA 2018 |

Appeal from the Judgment of Sentence Entered October 4, 2018
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000595-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROGER H. KNIERIM, JR. | : | |
| | : | |
| Appellant | : | No. 1796 MDA 2018 |

Appeal from the Judgment of Sentence Entered October 4, 2018
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000646-2017

BEFORE:   SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

_____
*   Retired Senior Judge assigned to the Superior Court.

MEMORANDUM BY PELLEGRINI, J.:          **FILED: MAY 23, 2019**

In these consolidated cases, Roger H. Knierim (Knierim) appeals from the judgment of sentence imposed by the Huntington County Court of Common Pleas (trial court) following the court's revocation of his probation in two retail theft matters and his entry of a guilty plea to a new charge of access device fraud.[1]  We affirm.

We take the following relevant facts and procedural history from the trial court's December 10, 2018 opinion and our independent review of the record. On March 6, 2017, Knierim entered guilty pleas to two counts of retail theft at two separate docket numbers, CP-31-CR-0000500-2016 and CP-31-CR-0000595-2016.  These charges arose from his theft of television sets from a retail store.  After ordering preparation of a pre-sentence investigation report (PSI), the trial court sentenced Knierim to consecutive terms of five years of probation in each case.

In December 2017, the Huntington County Probation Department filed a petition to revoke Knierim's probation in both cases because he had been arrested on new charges including access device fraud at Docket No. CP-31-CR-0000646-2017.  In that case, on October 4, 2018, Knierim entered a guilty plea to the charge of access device fraud stemming from his use of another person's credit card without consent of the owner.  The trial court did not

---

[1] 18 Pa.C.S. §§ 3929 and 4106(a)(1)(ii), respectively.

direct preparation of another PSI report prior to sentencing. The court accepted Knierim's admission to probation violations causing the revocation of probation in the retail theft cases. It sentenced him on all three cases to an aggregate term of not less than 48 nor more than 120 months' incarceration. This timely appeal followed the court's denial of Knierim's post-sentence motions.

Knierim raises three issues on appeal, challenging his sentence as excessive in light of his acceptance of responsibility for the property offenses and his rehabilitative needs, the trial court's dispensing of a second PSI report, and the validity of his admission to probation violations. (**See** Knierim's Brief, at 16-23). Because his first two issues implicate the discretionary aspects of his sentence, we begin by setting forth the applicable legal principles.

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." **Commonwealth v. Conte**, 198 A.3d 1169, 1173 (Pa. Super. 2018) (citation omitted). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." **Id.** (citation omitted). We conduct this four-part test to determine whether: (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the

appellant raises a substantial question for our review." *Id.* (citation omitted).

"A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Nevels*, 203 A.3d 229, 246 (Pa. Super. 2019) (citation omitted).

With regard to his first claim challenging his sentence as excessive, Knierim has complied with the first three prongs of this test by raising it in a timely post-sentence motion, filing a timely notice of appeal, and including a Rule 2119(f) concise statement in his brief. Additionally, his claim that his sentence is manifestly excessive in that it constitutes too severe a punishment presents a substantial question for our review. *See Commonwealth v. Derry*, 150 A.3d 987, 995 (Pa. Super. 2016). We will, therefore, address this issue on the merits.[2]

---

[2] The relevant standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord

In arguing that his sentence was excessive, Knierim focuses on mitigating factors, specifically, the role his substance abuse played in his theft offenses and his acceptance of responsibility for his actions. (**See** Knierim's Brief, at 16-19).[3]

At sentencing, the trial court heard at length from defense counsel regarding Knierim's struggles with substance abuse and his willingness to accept responsibility for his offenses. (**See** N.T. Sentencing, 10/04/18, at 15-19). Before sentencing Knierim, the court expressly stated that it had taken into consideration the PSI prepared in June 2017, his need for rehabilitation

---

the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

**Nevels**, **supra** at 246-47 (citation omitted).

[3] It is well-settled that where "the trial court has the benefit of a pre-sentence report, we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors." **Commonwealth v. Johnson**, 125 A.3d 822, 827 (Pa. Super. 2015) (citation omitted). However, in **Commonwealth v. Flowers**, 950 A.2d 330 (Pa. Super. 2008), we held that Rule 702(A)(2) does not require a court to specifically document the reasons for dispensing with a report. Instead, the court has some latitude in fulfilling that requirement since the ultimate goal of a PSI report is to ensure that the court is "apprised of comprehensive information to make the punishment fit not only the crime but also the person who committed it." **Commonwealth v. Goggins**, 748 A.2d 721, 728 (Pa. Super. 2000) (*en banc*) (citation omitted). A court may sentence without the benefit of a PSI report if it possesses the necessary information from another source. **See id.** The record reflects, not only did the trial court have a PSI report prepared less than 18 months from the date of sentencing, it also had substantial background information to make an informed decision regarding an appropriate sentence. **See Commonwealth v. Finnecy,** 135 A.3d 1028 (Pa. Super. 2016).

for his addiction issues, his prior failed attempts to turn his life around, and his lengthy criminal record dating back to 1983. (**See id.** at 20-21). The record, therefore, reflects that the court formulated its sentence taking into consideration all relevant mitigating information in Knierim's personal history. Because we discern no abuse of discretion in the court's imposition of Knierim's sentence, his first issue merits no relief.

Regarding his claim that the trial court improperly dispensed with its obligation to order preparation of a second PSI report, Knierim argues that the trial court's pre-sentence inquiry was deficient and that it was required to learn the circumstances of his new offense.

It is well-settled that objections to the discretionary aspects of a sentence are waived if a defendant does not raise them at the sentencing hearing or in a post-sentence motion. **See Commonwealth v. Padilla-Vargas**, 2019 WL 850032 at *4 (Pa. Super. filed Feb. 22, 2019); **see also** Pa.R.A.P. 302(a). Knierim did not raise the issue of the lack of a PSI report at sentencing or in his post-sentence motion and, therefore, it is waived.

Finally, Knierim maintains that his admission to violation of his probation was invalid because his admission was not made knowingly because his PCRA counsel informed him that by withdrawing his PCRA appeal pending before this Court, he would receive a concurrent sentence of one to two years in jail on those cases. (**See** Knierim's Brief, at 22-23). The Commonwealth counters that Knierim waived this argument by failing to include it in his Rule 1925(b)

statement. (**See** Commonwealth's Brief, at 8-10). Our review of the record confirms that Knierim omitted this claim from his Rule 1925(b) statement. (**See** Rule 1925(b) Statement, 10/30/18).

It is axiomatic that an appellant's failure to comply with Rule 1925(b) results in the waiver of issues on appeal. **See** Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). **In Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998), the Pennsylvania Supreme Court established the bright-line rule that "Any issues not raised in a 1925(b) statement will be deemed waived." **Id.** at 309; **see also Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011) (reaffirming principles stated in **Lord**). Accordingly, Knierim's failure to include his final issue on appeal in his Rule 1925(b) statement waives the claim.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>5/23/2019</u>